Filed 7/19/2023 11:19 AM
Bobbye Christopher
District Clerk
Polk County, Texas
Madison Cain, Deputy

CAUSE NO. CIV23-0464

| | | |
|---|---|---|
| SAUL SOLORZANO PATINO | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | POLK COUNTY, TEXAS |
| METRO PARCEL & FREIGHT INC. AND SEAN RIYADH KONJA | § § | ____ JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Saul Solorzano Patino ("Plaintiff") and files this Original Petition complaining of and against Metro Parcel & Freight Inc. ("Metro Parcel & Freight Inc." or "Defendant") and Sean Riyadh Konja ("Mr. Konja" or "Defendant") and would respectfully show the Court as follows:

## I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

## II. PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant Metro Parcel & Freight Inc. is a Michigan corporation and maintains a principal place of business at 5965 Wall, Sterling Heights, Michigan 48312. Defendant may be served with process pursuant to the Texas Long-Arm Statute by sending copies of the citation and this pleading through the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

Defendant Sean Riyadh Konja is a resident of Oakland County, Michigan, who committed a tort in Texas and resides at 4601 Walnut Lake Road, West Bloomfield, Michigan 48323-2560. He may be served with process pursuant to the Texas Long-Arm Nonresident Motorist statute by sending copies of the citation and this pleading through the Chair of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Polk County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

The collision occurred on August 24, 2022, in Harris County, Texas. Mr. Konja was operating a 2013 Freightliner while in the course and scope of his employment with Metro Parcel & Freight Inc.

Mr. Konja was traveling southbound on US 59 South in the outside lane. Plaintiff was also traveling southbound on US 59 South directly ahead of Mr. Konja in a 2015 Kenworth. Mr. Konja failed to control his speed and rear-ended Plaintiff.

Department of Public Safety officers arrived to investigate the crash scene. Defendant was issued a citation for failure to control speed. Plaintiff suffered bodily injuries as a result of this incident.

### V. NEGLIGENCE OF SEAN RIYADH KONJA

As Mr. Konja operated his vehicle at the time of the incident, he had a duty to exercise ordinary care in the operation of the same, to drive the vehicle in a reasonable and prudent manner, and to abide by the provisions of Chapter 545 of the Texas Transportation Code. Mr. Konja

negligently breached these duties in one or more of the following respects:

    A.    In being inattentive;
    B.    In failing to control his speed;
    C.    In failing to maintain a safe following distance;
    D.    In failing to keep a proper lookout;
    E.    In failing take evasive action to avoid striking Plaintiff's vehicle;
    F.    In failing to keep said vehicle under reasonable and proper control; and
    G.    In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.

Mr. Konja's negligence was a proximate cause of the collision, as well as the bodily-injury damages Plaintiff suffered as a result of his involvement in the collision.

### VI. NEGLIGENCE OF METRO PARCEL & FREIGHT INC.

At the time of the incident, Sean Riyadh Konja was operating a vehicle in the course and scope of his employment with Metro Parcel & Freight Inc.. Metro Parcel & Freight Inc. is legally responsible to Plaintiff for the negligent conduct of Sean Riyadh Konja under the legal doctrines of respondeat superior, agency and/or ostensible agency because Sean Riyadh Konja was at all times material hereto an agent, ostensible agent, servant and/or employee of Metro Parcel & Freight Inc., and was acting within the course and scope of such agency or employment. As a result thereof, Metro Parcel & Freight Inc. is vicariously liable for all negligence of Sean Riyadh Konja.

Metro Parcel & Freight Inc. was also negligent in its hiring, training, supervision, monitoring and retention of Sean Riyadh Konja, and such negligence proximately caused the collision and Plaintiff's injuries and damages.

Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

### VII. GROSS NEGLIGENCE OF DEFENDANTS

Plaintiff further alleges that the conduct of Defendants as described above constitutes gross

negligence and malice, as those terms are defined by Texas law. That is, when viewed objectively from the standpoint of Defendants, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others.

As such, Plaintiff is entitled to recover exemplary/punitive damage as allowed by law for this conduct.

## VIII. DAMAGES

Because of the actions and conduct of Defendants set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, he has suffered physical pain, mental anguish, and physical impairment, and in reasonable probability, will continue to suffer physical pain, mental anguish, and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

Plaintiffs has sustained physical damage to his motor vehicle and other personal property, including cost of repairs; towing; cost of rental replacement or loss of use of the vehicle; and diminution in value of the fair market value of said property due to the collision.

## IX. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## X. REQUIRED INITIAL DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XI. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## XII. RULE 193.7 NOTICE

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to

appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone:     (713) 349-1500
Facsimile:      (713) 432-7785


*/s/ Leena Joseph*
LEENA JOSEPH
State Bar No.: 24084374
ljoseph@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leena Joseph
Bar No. 24084374
ljoseph@millerweisbrod.com
Envelope ID: 77708407
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 7/20/2023 11:01 AM CST

Associated Case Party: Saul Solorzano Patino

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Leena Joseph | | ljoseph@millerweisbrod.com | 7/20/2023 10:17:06 AM | SENT |